UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ROBERT DAVID NEAL, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | 2:12-cv-198-WTL-MJD |
| | ) | |
| JOHN C. OLIVER, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry and Order Dismissing Action**

"Guards and inmates co-exist in direct and intimate contact. Tension between them is unremitting. Frustration, resentment, and despair are commonplace. Relationships among the inmates are varied and complex . . . ." *Wolff v. McDonnell,* 418 U.S. 539, 562 (1974). So has it been throughout the ages and so it is likely to continue. The present case pits a federal prisoner, Robert David Neal, against prison authorities who disciplined him after first finding him guilty of certain misconduct.

Neal seeks a writ of habeas corpus. As explained herein, however, the facts and circumstances show that he is not entitled to that relief.

**I. Background**

The pleadings and the expanded record show the following:

1. Neal is a prisoner in the custody of the Federal Bureau of Prisons ("BOP") serving the executed portion of the sentence imposed by the United States District Court for the Northern District of Texas following his conviction for financial offenses. *See United States v. Neal,* 294 Fed. Appx. 96 (5th Cir. 2008) (unpublished).

      2.      Neal is currently confined at the USPTH, as he was on April 16, 2012.

      3.      On that date, Neal was charged with misconduct. Specifically, in an incident report no. 2292674, Neal was charged with "Counterfeiting or Forging a Document."

      4.      Neal was supplied with a copy of the incident report described above and notified of his procedural rights in conjunction with the matter.

      5.      A hearing was conducted on April 18, 2012. Neal was present and made a statement concerning the charge. That statement was considered with other evidence.

      6.      The hearing officer found Neal guilty of the charged misconduct, explaining in the decision that Neal had used a name in court documents other than the name under which he was committed.

      7.      Sanctions were imposed, including the loss of a period of earned good time.

      8.      Neal's administrative appeal was rejected and the filing of this action followed. It has been fully at issue since April 29, 2013.

## II. Discussion

Neal seeks relief pursuant to 28 U.S.C. § 2241. "A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States." *Rose v. Hodges,* 423 U.S. 19, 21 (1975).

"A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded upon that deprivation were constitutionally

deficient." *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007). Federal inmates "have a liberty interest" in good time credits and "must be afforded due process" before any good time credits are revoked. *Jones v. Cross,* 637 F.3d 841, 845 (7th Cir. 2011).

In these circumstances, Neal was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision-maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

Using the protections recognized in *Wolff* as an analytical template, Neal received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Neal was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer and reviewing authority issued a sufficient statement of their findings, and (3) the hearing officer issued a written reason for their decisions and for the sanctions which were imposed. Neal's contentions otherwise are either irrelevant to the charge and proceeding involved in this case or refuted by the expanded record. He is not entitled to relief based on them.

### III. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding or sanctions involved in the events identified in this action, and there was

no constitutional infirmity in the proceedings which entitles Neal to relief. His argument that the protections afforded by *Wolff* were not provided is based on an assertion which does not entitle him to the relief he seeks. Accordingly, he is not entitled to the relief he seeks. That petition must therefore be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 07/02/2013

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Robert David Neal
#15151-180
Terre Haute USP
P.O. Box 33
Terre Haute, IN 47808

Electronically Registered Counsel